In the Matter of the Claim of ROY E. MURPHY, Respondent, v. BEAUNIT FIBERS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed June 2, 1972. Claimant worked as a spinner and " check-up man " for a manufacturer of rayon fibers from 1931 to 1968, a period of 37 years. As a check-up man for the last 13 years, he was required to patrol the aisles between the spinning machines. In the spinning operation a solution was used which contained carbon disulphide. The board found that claimant had sustained a causally related occupational disease in that he had contracted carbon disulphide poisoning resulting in permanent disability diagnosed as peripheral neuropathy which condition was caused by his exposure to carbon disulphide during his long years of employment. Appellants maintain that there is no competent evidence to sustain the conclusion of exposure; that the finding of causal relationship is erroneous as a matter of law; and that the board's findings are not supported by a preponderance of evidence since it disregarded the opinion of the designated impartial specialist. With these contentions we do not agree. Although the level of carbon disulphide in the air of the spinning room was reported by the New York State Division of Industrial Hygiene as below the recommended threshold limit, this investigation was conducted after claimant left his employment and provides no proof of the levels of carbon disulphide over the 37 years in which claimant worked. It is clear from a reading of the entire record that claimant was, to some degree, exposed to this chemical.

Claimant's attending physician had treated one other employee of the plant who suffered from carbon disulphide poisoning. We find substantial proof in the record to sustain the board's finding of causal relation. Presented was a conflict of medical testimony which was resolved in the exercise of the board's fact-finding power. The board was not bound by the impartial specialist's opinion. (*Matter of Guidera* v. *Abelove's Laundry*, 33 A D 2d 1070.) Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.